ORDERED.

Dated: July 08, 2022

*Catherine M. Ewen*
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:  Case No.: 8:22-bk-00445-CPM
 Chapter 11
BRADY L. SKINNER,

 Debtor.
_____/

### ORDER APPROVING DISCLOSURE STATEMENT AND CONFIRMING CHAPTER 11 PLAN OF BRADY L. SKINNER
**(Doc. Nos. 63 and 64)**

**Post-Confirmation Status Conference**
The initial post-confirmation status conference shall be held on **September 8, 2022, at 2:30 p.m.**

**Deadline for Final Fee Applications or Supplements to Fee Applications**
The deadline for professionals to file final applications for allowance of compensation for services rendered and reimbursement of expenses incurred or supplements to their respective applications is the date that is **thirty (30) days** from the date of the Confirmation Hearing.

**THIS CASE** came before the Court for hearing on June 28, 2022, at 1:30 p.m. (the "**Confirmation Hearing**"), to consider (a) final approval of the Disclosure Statement in Connection with the Chapter 11 Plan of Brady L. Skinner (Doc. No. 64) (the "**Disclosure Statement**"), (b) confirmation of the Chapter 11 Plan of Brady L. Skinner (Doc. No. 63) (the

84W957402.DOC

"**Plan**")¹ filed by Brady L. Skinner (the "**Debtor**" or "**Skinner**"), and (c) the objection to confirmation filed by U.S. Bank (Doc. No. 82) (the "**U.S. Bank Objection**"). Appearances made are reflected in the record.

At the Confirmation Hearing, counsel for the Debtor announced certain modifications in open court with respect to the treatment of the Class 2 Secured Claim of U.S. Bank and the Class 4 Secured Claim of Wells Fargo to Unimpair such classes. Based on the modifications, the U.S. Bank Objection was withdrawn as moot, and the Court was advised that U.S. Bank and Wells Fargo were Unimpaired under the Plan on account their respective Class 2 Claim and Class 4 Claim. The Debtor announced additional modifications to the Plan to address the issues raised by the U.S. Trustee. The Court also found that no Class 1, 3, or 6 Claims existed or that such claims were in the amount of $0.00, such that each of such classes could be collapsed. Consequently, the Debtor obtained the acceptance of each impaired class of claims under the Plan. For the reasons stated orally and recorded in open court that shall constitute the decision of the Court, the Court finds that the Plan is fair and equitable and satisfies the requirements for confirmation.

Subject to and conditioned upon the modifications to the Plan set forth in paragraph 1 of this order below (the "**Plan Modifications**"), after considering (i) the Declaration of Brady L. Skinner in Support of Confirmation of Chapter 11 Plan (Doc. No. 87) (the "**Confirmation Declaration**"), (ii) the Ballot Tabulation (Doc. No. 86), (iii) the U.S. Bank Objection, (iv) the Plan Modifications, (v) the arguments and proffers of counsel made at the Confirmation Hearing, and (vi) the entire record in this chapter 11 case, and for the reasons stated orally and recorded in open court that shall constitute the rulings, findings of fact, and conclusions of law as if

---

¹All capitalized terms not specifically defined herein shall have the meaning ascribed to them in the Plan.

84W957402.DOC

specifically incorporated of the Court, the Court finds and concludes that (a) the Plan has been proposed in good faith and meets all of the requirements of sections 1126 and 1129(a) of the Bankruptcy Code, (b) the Disclosure Statement contains adequate information as contemplated under section 1125 of the Bankruptcy Code and should be finally approved, and (c) the Plan should be confirmed, and all objections to confirmation of the Plan and final approval of the Disclosure Statement should be overruled, to the extent not withdrawn.  Accordingly, the Court

**FINDS, CONCLUDES, ORDERS, AND DECREES AS FOLLOWS:**[2]

1. **Confirmation of Plan**.  The Plan is hereby confirmed pursuant to section 1129 of the Bankruptcy Code, with the following modifications, which shall become part of the Plan and this Confirmation Order, and the Plan satisfies the requirements of section 1129(a) of the Bankruptcy Code:

    a. Section 1.2.21 is deleted in its entirety and is replaced and superseded by the following:

"**Confirmation**" means the date of the Bankruptcy Court's oral ruling confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

    b. Section 1.2.22 is deleted in its entirety and is replaced and superseded by the following:

"**Confirmation Date**" shall mean the date of the Bankruptcy Court's oral ruling confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

    c. Section 3.1.1 is deleted in its entirety and is replaced and superseded by the following:

**In General.**

This is the Class of Administrative Claims allowable under section 503 and entitled to priority under section 507(a)(2) of the Bankruptcy Code and other Professional Fee Claims.

---

[2] Findings of fact set forth in this Confirmation Order are deemed to be conclusions of law, and such findings of fact are confirmed as conclusions of law.  All oral findings of fact and conclusions of law reached by the Court at the Confirmation Hearing are incorporated by reference and are made a part of this Confirmation Order in accordance with Bankruptcy Rule 7052(a).

Unless the Holder agrees to different treatment, all Administrative Claims, other than Ordinary Course Administrative Claims, will be paid by the Debtor in full, in Cash on the later of (a) on or as soon as practicable after the Effective Date, or (b) if an Administrative Claim is not Allowed as of the Effective Date, then within fifteen (15) days after such Administrative Claim becomes an Allowed Administrative Claim.

      d. Section 8.1 is deleted in its entirety and is replaced and superseded by the following:

**Unclaimed or De Minimis Distributions.**

Unclaimed distributions shall be administered pursuant to section 347 of the Bankruptcy Code. Should the Holder of an Allowed Claim fail to negotiate a payment from the Debtor within 90 days of the date the check was issued, the Debtor shall provide the Holder with written notice of the requirement that the Holder of an Allowed Claim negotiate the payment within 180 days of the date the check was issued. Should the Holder thereafter fail to negotiate the payment within 180 days, then upon the expiration of the deadline set forth in section 1143, the Debtor may exercise its remedies under section 347(b) of the Bankruptcy Code. De minimis Distributions less than five dollars ($5.00) shall not be made, and shall become unclaimed funds, which shall vest in the Reorganized Debtor.

      e. Section 12.1 is deleted in its entirety and is replaced and superseded by the following:

**Modification of the Plan.**

The Debtor may modify the Plan at any time prior to the conclusion of the Confirmation Hearing provided that the Plan as modified and the Disclosure Statement meet applicable requirements of the Bankruptcy Code and the Bankruptcy Rules.

      f. Section 13.4 is deleted in its entirety and is replaced and superseded by the following:

**No Admissions.**

The Plan provides for the resolution, settlement, and compromise of Claims against the Debtor. Nothing herein will be construed to be an admission of any fact or otherwise to be binding upon the Debtor or any other Person in any manner prior to the Confirmation Date.

      g. Section 4.2 is deleted in its entirety and is replaced and superseded by the following:

**Class 2: Secured Claim of "U.S. Bank" (Homestead).** This Class consists of the Allowed Secured Claim of U.S. Bank, secured by a first mortgage Lien on the Debtor's Homestead with address of: 6911 Point of Rocks Road, Sarasota, Florida 34242. After the Effective Date, the Debtor will pay the required monthly mortgage payments to U.S. Bank as such payments become due under the terms of the existing promissory note and mortgage outside of the Chapter

11 Plan and bankruptcy to U.S, Bank's loan servicer, Select Portfolio Servicing, Inc.  As of June 24, 2022 payments on the loan are current through June 2022 and the only charges on the account are for $632.50. The existing promissory note and mortgage and any and all documents, filings, or instruments evidencing, arising out of, or relating to the claim and indebtedness owed by the Debtor to U.S. Bank on account of its Allowed Class 2 Claim shall remain in full force and effect, and are not modified by the  Plan or Confirmation of the Plan or any orders regarding payment made in the bankruptcy case.  Upon Plan confirmation, U.S. Bank shall be granted relief from the automatic stay and any bankruptcy related injunction(s) and it shall retain its Lien on the Homestead on account of its first mortgage.  Class 2 is Unimpaired, and the Holder of any Allowed Class 2 Claim is not entitled to vote to accept or reject the Plan. These terms supersede and replace all prior Plan terms for this Class.

      h. Section 4.4 is deleted in its entirety and is replaced and superseded by the following:

**Class 4:  Secured Claim of Wells Fargo.** This Class consists of the Allowed Secured Claim of Wells Fargo, secured by a Lien on the 2018 Mercedes-Benz GLC Class.  After the Effective Date, the Debtor will pay the required monthly payments to the Holder of the Allowed Class 4 Secured Claim of Wells Fargo as such payments become contractually due.  The existing promissory note and any and all documents, filings, or instruments evidencing, arising out of, or relating to the claim and indebtedness owed by the Debtor to Wells Fargo shall remain in full force and effect, except to the limited extent they are specifically and expressly modified in this Plan.  Wells Fargo shall retain its Lien in the 2018 Mercedes-Benz GLC Class.  Class 4 is Unimpaired, and the Holder of any Allowed Class 4 Claim is not entitled to vote to accept or reject the Plan.

The Court finds that (a) re-solicitation is not necessary, as any material modifications contained in the Plan provide more favorable treatment for creditors.  Accordingly, pursuant to Bankruptcy Rule 3019, such modifications do not require re-solicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that holders of Claims be afforded an opportunity to change previously cast Ballots with respect to the Plan.

      2. **<u>Plan Terms</u>**.  All terms of the Plan, and all relevant and necessary documents, shall be effective and binding upon the entry of the Confirmation Order and the Effective Date.  The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on this Court's approval and authorization of, or the validity, binding effect and enforceability of such provision and each provision is authorized and approved and shall

have the same validity, binding effect, and enforceability as every other provision of the Plan, whether or not mentioned in this Confirmation Order.

3.       **Final Approval of the Disclosure Statement**.  On May 19, 2022, this Court entered an order (Doc. No. 68) (the "**Disclosure Statement Order**"), that, among other things: (i) conditionally approved the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017; (ii) set June 21, 2022, as the deadline for submission of Ballots to accept or reject the Plan; and (iii) set June 21, 2022, as the deadline for submitting objections to confirmation of the Plan.  For the reasons stated orally and recorded in open court that shall constitute the Court's decision, any objections, if any, to the adequacy of the Disclosure Statement are **OVERRULED**.  The Disclosure Statement is finally approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017.

4.       **Objections to Confirmation**.  Based on the Plan Modifications, the U.S. Bank Objection was withdrawn in open court as moot.

5.       **Ballot Report**.  The Debtor filed a Ballot Tabulation, which reflected the acceptances and rejections of each Class that voted to accept or reject the Plan as of the commencement of the Confirmation Hearing.

6.       **Jurisdiction, Venue, Core Proceedings**.  This Court has jurisdiction over (i) the Debtor, (ii) the Debtor's chapter 11 case, (iii) all of the Debtor's properties, contracts, and assets, wherever located, (iv) all claims against and equity interests in the Debtor, and (v) all holders of claims against and equity interests in the Debtor pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a "core proceeding" pursuant to, without limitation, 28 U.S.C. § 157(b)(2)(A), (L),

84W957402.DOC

and (O), and this Court has jurisdiction to enter a final order with respect to confirmation. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7. **Judicial Notice**. In connection with the Confirmation Hearing, the Court takes judicial notice of the record of this chapter 11 case, including, without limitation, all papers, pleadings, and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at, the hearings held before the Court during the pendency of this chapter 11 case.

8. **Oral Findings of Fact Incorporated**. All oral findings of fact and conclusions of law entered by the Court at the Confirmation Hearing are incorporated herein by this reference and are made a part hereof, in accordance with Bankruptcy Rule 7052(a). All findings of fact shall be construed as conclusions of law and conclusions of law construed as findings of fact when appropriate.

9. **Transmittal of Solicitation Packages**. In accordance with Bankruptcy Rule 2002, the Court finds and concludes that adequate and sufficient notice of the time for filing objections to the Plan and final approval of the Disclosure Statement was provided to the holders of claims and interests. The Disclosure Statement, the Plan, Ballots, and the Disclosure Statement Order were transmitted and served in substantial compliance with the Disclosure Statement Order and the Bankruptcy Rules, and such transmittal and service were adequate and sufficient. Adequate and sufficient notice of the Confirmation Hearing and other deadlines was given in compliance with the Disclosure Statement Order and the Bankruptcy Rules.

10. **Solicitation**. In accordance with section 1126(b) of the Bankruptcy Code, the Court finds and concludes that: (a) the solicitation of votes to accept or reject the Plan complied with all applicable non-bankruptcy law, rules and regulations governing the adequacy of

84W957402.DOC

disclosure in connection with the solicitation; and (b) the solicitation was conducted after disclosure of adequate information, as defined in section 1125(a) of the Bankruptcy Code.

11. **Burden of Proof**. The Debtor has met its burden of proving all of the elements of section 1129(a) of the Bankruptcy Code.

12. **The Plan's Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))**. The Plan complies with all applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code, and in particular:

   a. Proper Classification. The Plan sets out separately numbered classes of impaired claims and interests. The claims and interests within each class are substantially similar to the other claims and interests, as the case may be, in the class. Valid business, factual, and legal reasons exist for separately classifying various classes of claims and interests created under the Plan and such classifications do not unfairly discriminate between the holders of claims and interests. Therefore, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

   b. Specified Unimpaired Classes. The Plan properly designates unimpaired classes as unimpaired. Therefore, the Plan satisfies section 1123(a)(2) of the Bankruptcy Code.

   c. Specified Treatment of Impaired Classes. The Plan designates which classes are impaired within the meaning of section 1124 of the Bankruptcy Code. The Plan states the specific treatment of each class of impaired claimants or interests. Therefore, the Plan satisfies section 1123(a)(3) of the Bankruptcy Code.

   d. No Discrimination within Classes. The Plan provides for the same treatment of each claim within each particular class of impaired claimants or interests. Therefore, the Plan satisfies section 1123(a)(4) of the Bankruptcy Code.

   e. Implementation. The Plan provides adequate means for the Plan's implementation. Therefore, the Plan satisfies section 1123(a)(5) of the Bankruptcy Code.

   f. Corporate Charter Amendments. Section 1123(a)(6) of the Bankruptcy Code does not apply to individual chapter 11 debtors.

   g. Impairment/Unimpairment of Classes of Claims and Interests. The Plan designates certain classes as impaired, as permitted by section 1123(b)(1) of the Bankruptcy Code.

h. <u>Assumption of Rejection of Leases and Executory Contracts</u>.  The Plan provides for the assumption and rejection of leases and executory contracts, subject to section 365, as permitted by section 1123(b)(2) of the Bankruptcy Code.

i. <u>Modification of the Rights of Holders of Secured Claims</u>.  The Plan modifies the rights of holders of secured debt as permitted by section 1123(b)(5) of the Bankruptcy Code.

j. <u>Cure of Defaults</u>.  The Plan provides for the assumption of unexpired leases and executory contracts pursuant to an order of the Bankruptcy Court, thereby satisfying section 1123(d) of the Bankruptcy Code.

13. **<u>Debtor's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>**.  The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.  Specifically, the Debtor is a proper debtor under section 1101 of the Bankruptcy Code and is a proper proponent of the Plan under section 1121 of the Bankruptcy Code.  The Debtor has complied with the applicable provisions of the Bankruptcy Code, including as provided or permitted by orders of the Court.  The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order in transmitting the Plan, the Disclosure Statement, the Ballots, and related documents and notices, and in soliciting and tabulating votes on the Plan.  The Court has dispensed with compliance with section 1123(a)(6) of the Bankruptcy Code because the Debtor is an individual, and section 1123(a)(6) of the Bankruptcy Code is not applicable.

14. **<u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>**.  The Debtor has proposed the Plan in good faith and is not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the chapter 11 case and the formulation of the Plan. The chapter 11 case was filed, and the Plan was proposed, with the legitimate and honest purpose of maximizing the value of the Debtor's assets

and the recovery to creditors under the circumstances of this chapter 11 case. Therefore, the requirements of section 1129(a)(3) of the Bankruptcy Code are met.

15. **Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))**. Any payment made or to be made by the Debtor or the Reorganized Debtor for services or for costs and expenses in connection with the chapter 11 case, including all administrative expense claims under section 503 of the Bankruptcy Code, or in connection with the Plan and incident to the chapter 11 case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

16. **Directors and Officers (11 U.S.C. § 1129(a)(5))**. Section 1129(a)(5) requires the disclosure of the identity and affiliations of any individual proposed to serve after confirmation of the Plan as a director, officer, or voting trustee of the Debtor, or a successor to the Debtor under the Plan. Section 1129(a)(5) is inapplicable because the Debtor is an individual.

17. **No Government Regulation of Rates (11 U.S.C. § 1129(a)(6))**. Section 1129(a)(6) of the Bankruptcy Code is inapplicable because the Debtor is an individual.

18. **Best Interests Test (11 U.S.C. § 1129(a)(7))**. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis attached as Exhibit "C" to the Disclosure Statement, the Confirmation Declaration, and evidence proffered at the Confirmation Hearing: (a) are persuasive, credible and accurate as of the dates such evidence was prepared, presented, or proffered; (b) either has not been controverted by other persuasive evidence or have not been challenged; (c) are based upon reasonable and sound assumptions; (d) provide a reasonable estimate of the liquidation values of the Debtor upon a hypothetical conversion to a case under chapter 7 of the Bankruptcy Code; and (e) establish that each holder of a Claim in an

Impaired Class that has not accepted the Plan will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date.

19. **Acceptance or Rejection of Plan (11 U.S.C. § 1129(a)(8))**. Classes 5 and 7 (collectively, the "**Impaired Classes**") are impaired under the Plan as that term is defined in section 1124 of the Bankruptcy Code. Accordingly, the Impaired Classes are entitled to submit votes to accept or reject the Plan. All of the Impaired Classes have voted to accept the Plan. Classes 1, 2, 3, 4, and 6 (collectively, the "**Unimpaired Classes**") are unimpaired under the Plan as that term is defined in section 1124 of the Bankruptcy Code, and as to Classes 1, 3, and 6, no such Claim exists or such Claims are in the amount of $0.00. Accordingly, the Unimpaired Classes are deemed to accept the Plan and are not entitled to vote on the Plan, and each of the Impaired Classes voted to accept the Plan. Therefore, section 1129(a)(8) of the Bankruptcy Code is satisfied, and the Plan can be confirmed.

20. **Treatment of Administrative and Priority Tax Claims and Other Priority Claims (11 U.S.C. § 1129(a)(9))**. The treatment of Administrative Expense Claims and other Priority Claims under the Plan satisfies the requirements of sections 1129(a)(9)(A) and (B) of the Bankruptcy Code, and the treatment of Priority Tax Claims under the Plan satisfies section 1129(a)(9)(C) of the Bankruptcy Code.

21. **Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10))**. Classes 5 and 7 have voted to accept the Plan and such votes shall constitute acceptances of the Plan. As a result, at least one Impaired Class has voted to accept the Plan, which was determined without including

any acceptance of the Plan by any insider, satisfying the requirement of section 1129(a)(10) of the Bankruptcy Code.

22. **Feasibility (11 U.S.C. § 1129(a)(11))**. The Plan satisfies section 1129(a)(11) of the Bankruptcy Code. The Confirmation Declaration and other evidence proffered at the Confirmation Hearing: (a) are persuasive, credible and accurate as of the dates such evidence was prepared, presented, or proffered; (b) either have not been controverted by other persuasive evidence or have not been challenged; (c) are based upon reasonable and sound assumptions; and (d) except as such liquidation is proposed by the Plan, establish that the Plan is feasible and that confirmation of the Plan is not likely to be followed by the liquidation or further financial reorganization of the Debtor. Therefore, section 1129(a)(11) of the Bankruptcy Code is satisfied.

23. **Payment of Fees (11 U.S.C. § 1129(a)(12))**. All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on the Effective Date of the Plan. All fees required to be paid by 28 U.S.C. § 1930 shall accrue and be paid timely until the chapter 11 case is closed, dismissed, or converted.

24. **Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))**. No retiree benefits, as that term is defined in section 1114 of the Bankruptcy Code, exist in the chapter 11 case, making section 1129(a)(13) of the Bankruptcy Code inapplicable.

25. **Inapplicable Provisions (11 U.S.C. § 1129(a)(14)**. Section 1129(a)(14) does not apply because the Debtor is not obligated to pay any domestic support obligations.

26. **Projected Disposable Income (11 U.S.C. § 1129(a)(15)**. In accordance with section 1129(a)(15), the value of property to be distributed under the Plan is not less than the Debtor's projected disposable income to be received during the five-year period beginning on the

date that the first payment is due under the Plan, as evidenced by the projections attached as Exhibit "D" to the Disclosure Statement. Thus, section 1129(a)(15) is satisfied.

27. **Principal Purpose of Plan (11 U.S.C. § 1129(d))**. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, and there has been no objection filed by any governmental unit asserting such avoidance. Accordingly, the Plan complies with section 1129(d) of the Bankruptcy Code.

28. **Good Faith Solicitation (11 U.S.C. § 1125(e))**. The Debtor and its respective attorneys and advisers have solicited votes to accept or reject the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order, and are, therefore, entitled to the protections afforded by section 1125(e) of the Bankruptcy Code to the fullest extent.

29. **Executory Contracts**. The Debtor has exercised reasonable business judgment in determining to assume or reject his executory contracts and unexpired nonresidential real property leases as set forth in Article 6.1 of the Plan. The Plan's rejection of all unexpired leases or executory contracts not expressly assumed or rejected by separate order of the Bankruptcy Court (the "**Rejected Contracts**") is approved, and the entry of the Confirmation Order shall constitute approval of any such rejections pursuant to sections 365(a) and 1123 of the Bankruptcy Code.

30. **Transfers by Debtor, Vesting of Assets**. Without any further action, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, all property and assets of the Debtor (excluding property that has been abandoned pursuant to the Plan or an order of the Court) shall be transferred to and shall vest in the Reorganized Debtor, or its successors or assigns, as the case may be, free and clear of all Liens, charges, Claims, writs of garnishment, encumbrances,

84W957402.DOC

and other interests and all Liens, charges, Claims, writs of garnishment, encumbrances and other interests are voided and extinguished, including but not limited to any Lien arising from JGAR's judgment, except as expressly provided in the Plan or this Confirmation Order.  Such vesting does not constitute a voidable transfer under the Bankruptcy Code or applicable non-bankruptcy law.

31. **Implementation and Effectuating Documents**.  Each of the Debtor or the Reorganized Debtor, as appropriate, is authorized to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement and further evidence the terms and conditions of the Plan.

32. **Binding Effect**.  Upon the entry of this order and subject to the occurrence of the Plan's Effective Date, the provisions of the Plan shall bind the Debtor, all Holders of Claims (irrespective of whether the Claims are impaired under the Plan or whether the Holders of such Claims have accepted the Plan), any and all non-debtor parties to executory contracts or unexpired leases with the Debtor, any party in interest in the Bankruptcy Case, and the heirs, administrators, executors, successors, or assigns, if any, or any of them.

33. **Preservation of Causes of Action**.  Except to the extent provided under the Plan, all causes of action and objections to claims of the Debtor or the estate not specifically resolved or released through separate order of this Court (the "**Retained Claims**") are to be retained and preserved to the full extent provided under Section 7.6 of the Plan and shall be the property of the Reorganized Debtor and available to the Reorganized Debtor to the fullest extent allowable under applicable law.  Confirmation of the Plan and entry of this Confirmation Order shall not (i) constitute an adjudication of any Retained Claim the Debtor or Reorganized Debtor may have

against any parties, whether known or unknown, asserted or unasserted, contingent or unliquidated, and (ii) act as *res judicata*, collateral estoppel, or otherwise preclude the pursuit, litigation, prosecution, or settlement of any claim, defense, or objection of cause of action or Retained Claims available to the Debtor, its estate, or the Reorganized Debtor.

34. **Discharge**. Pursuant to section 1141(d)(5), the Confirmation Order does not discharge the Debtor from any pre-petition liabilities. The Debtor will receive a discharge upon completion of the payments contemplated by the Plan, consistent with section 1141 of the Bankruptcy Code.

35. **Retention of Jurisdiction**. The Court's retention of jurisdiction as set forth in Article 11 of the Plan comports with the parameters contained in 28 U.S.C. § 157 and is to be interpreted as broadly as possible. Without limiting the provisions of Article 11, the Court's retention of jurisdiction include jurisdiction over all matters and parties in connection with objections to claims and the pursuit, litigation, and recovery of avoidance actions, surcharge claims, fraudulent transfers, and all other claims or causes of action available to the Debtor or its estate.

36. **Final Fee Applications**. Any professional seeking an award of compensation for services rendered or reimbursement of expenses incurred through and including the Confirmation Date, which is the date upon which this Confirmation Order becomes a Final Order, shall file supplements to their respective applications for allowance of compensation for services rendered and reimbursement of expenses incurred by the date that is thirty (30) days from the date of the Confirmation Hearing.

37. **Plan Payment Schedule**. Within thirty days from the entry of this Confirmation Order, the Debtor shall file with the Court a spreadsheet representing the Debtor's payments

84W957402.DOC

under the Plan (the "**Plan Payment Schedule**"), although nothing in the Plan Payment Schedule modifies the Debtor's rights with respect to the timing or source of such payments. The Debtor retains any and all rights and powers he has concerning any and all claims, including the ability to object to claims. Nothing in this order precludes the Debtor's right to seek payment changes through the Bankruptcy Court, including but not limited to recalculation of the pro rata distributions for the Holders of Allowed Class 7 Claims, or to further negotiate with Holders of Allowed Claims with respect to the payments contemplated by the Plan Payment Schedule without seeking or obtaining approval of the Bankruptcy Court.

38. **Notice of Entry of Confirmation Order, Effective Date, and Further Notices**. Counsel for the Debtor shall serve a copy of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c) on all creditors and parties in interest within three (3) business days of the entry of this Confirmation Order, and shall promptly file proof of service. All further notices to be served on creditors and parties in interest may be served only on the Local Rule 1007-2 list, unless more limited notice is ordered or permitted by separate order of the Court. Counsel for the Debtor shall also file a notice of the occurrence of the Effective Date, promptly after such date occurs, and serve such notice via CM/ECF and on the Local Rule 1007-2 list.

*Attorney Kathleen L. DiSanto is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within (3) days of the entry of the order.*

Page 16 of 16

84W957402.DOC